United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

In RE:
Hector Aldo Moya
Debtor
Address: 13006 Dubin Drive, Spotsylvania, VA 22551
Last four digits of Social Security No.(s): XXX-XX-2427

Joyce Catherine Moya
Co-Debtor

BCN #: 22-30793
Chapter: 13

## NOTICE OF MOTION AND HEARING

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not wish the Court to grant the motion for authority to modify existing debt, or if you want the Court to consider your views on this motion, then within twenty-one (21) days from the date of service of this motion, you must file a written response explaining your position with the Court at the following address: Clerk of Court, U.S. Bankruptcy Court, 701 East Broad Street,, Suite 4000, Richmond, VA 23219, and serve a copy on the Movant. unless a written response is filed and served within this twenty-one day period, the Court may deem any opposition waived, treat the motion as conceded, and issue an Order granting the motion for authority to modify existing debt without further notice or hearing.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the twenty-one day period.

You may attend the preliminary hearing scheduled to be held on **July 27, 2022 at 10:00 a.m.**: in 701 East Broad Street, Richmond, VA 23219.

## REMOTE HEARING INFORMATION:

Due to the COVID-19 public health emergency, no in-person hearings are being held.

This hearing will take place remotely through Zoom on the date and time scheduled herein.
To appear at the hearing, you must send, by email, a completed request form (the "Zoom Request Form"), which is available on the Court's internet website at www.vaeb.courts.gov, on the page titled, "Temporary Emergency Provisions Regarding ZoomGov Remote Proceeding Access Information." Email your completed Zoom Request Form to the email address listed for the Judge assigned to the case. Following receipt of your Zoom Request Form, Court staff will respond

to the email address from which the request was submitted with additional information on how to participate through Zoom.

***The email address shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.***

**PLEASE NOTE:** You MUST submit the Zoom Request Form no later than two (2) business days prior to this hearing. Any documentary evidence the parties wish to present at the hearing must be filed with the Court in advance of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the motion for authority to modify existing debt in the motion and may enter an Order granting the motion for authority to modify existing debt.

Respectfully submitted,

LOGS LEGAL GROUP LLP                    Dated: ___6/15/22_____
ATTORNEYS FOR THE MOVANT


/s/ Mary F. Balthasar Lake
_____
BY: Malcolm B. Savage, III, Esquire
VSB #91050
William M. Savage, Esquire
VSB #26155
Mary F. Balthasar Lake, Esquire
VSB #34899
Gregory N. Britto, Esquire
VSB #23476
Randa Azzam, Esquire
VSB #31539
LOGS LEGAL GROUP LLP
10021 Balls Ford Road, Suite 200
Manassas, VA 20109
(703) 449-5800
logsecf@logs.com

# CERTIFICATE OF SERVICE

I hereby certify that on the ____15th____ day of _____June_____, ____2022___ the following person(s) were served a copy of the foregoing in the manner described below:

Via CM/ECF Electronic Notice:

James E. Kane, Kane & Papa, PC                                    Debtor's Attorney
1313 East Cary Street
P.O. Box 508
Richmond, VA 23218-0508

Suzanne E. Wade                                                           Chapter 13 Trustee
7202 Glen Forest Drive
Suite 202
Richmond, VA 23226

Via First Class Mail, Postage Prepaid:

Hector Aldo Moya                                                          Debtor(s)
13006 Dubin Drive
Spotsylvania, VA 22551

                                          /s/ Mary F. Balthasar Lake
                                          _____
                                          Malcolm B. Savage, III, Esquire
                                          VSB #91050
                                          William M. Savage, Esquire
                                          VSB #26155
                                          Mary F. Balthasar Lake, Esquire
                                          VSB #34899
                                          Gregory N. Britto, Esquire
                                          VSB #23476
                                          Randa Azzam, Esquire
                                          VSB #31539
                                          LOGS LEGAL GROUP LLP
                                          10021 Balls Ford Road, Suite 200
                                          Manassas, Virginia 20109
                                          (703) 449-5800
                                          logsecf@logs.com      22-290283

United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

In RE:                                      BCN#: 22-30793
Hector Aldo Moya                            Chapter: 13

_____Debtor_____
Bank of America, N.A
or present noteholder,

                                            Motion for Authority to Modify Existing Debt

          Movant/Secured Creditor,
v.
Hector Aldo Moya
          Debtor


COMES NOW, Bank of America, N.A (the "Movant"), by counsel, and files this Motion

for Authority to modify Existing Mortgage pursuant to 11 U.S.C. §§ 364, Federal Rules of

Bankruptcy Procedure 4001 (c), and Local Bankruptcy Rule 6004-4, and in support thereof, the

Movant affirmatively states the following:

### Jurisdiction

1.   Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157

in that this action arises in and relates to Debtor's bankruptcy case.

2.   This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3.   Venue is proper pursuant to 28 U.S.C. §1409

### Facts in the Case

4.   On March 28, 2022, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy

Code.

5.   Suzanne E. Wade, Trustee is the Chapter 13 Trustee (the "Trustee").

### Discussion

6. The Debtor has ownership interest in real property located at 13006 Dubin Dr, Spotsylvania, VA 22551 (the "Property"), which Property is more particularly described as follows:

Lot 75, Section 16, Lake Wilderness Subdivision as shown on plat by Elliott & Associates dated April 1971, of record in Plat Book 9, page 109, revised in Plat Book 9, page 117, in the Clerk's Office of the Circuit Court of Spotsylvania County, Virginia.

7. The Property is encumbered by a deed of trust lien, which deed of trust secures the payment of a promissory note to Movant.

8. Upon information and belief, Debtor desires to modify the terms of the deed of trust and promissory note with the Movant.

9. The Mortgage Servicer, Carrington Mortgage Services, LLC ("Servicer"), has tendered to Debtor a document detailing the terms of proposed loan modification (the "Loan Modification Agreement"). A copy of the Loan modification Agreement is attached to this motion as an Exhibit and is incorporated herein by this reference.

10. The terms of the proposed Loan Modification Agreement are as follows:

a. The previous principal balance of the loan was $305,243.07 as of the petition date, and the principal balance of the loan immediately after modification will be $267,358.97; this Unpaid Principal Balance has been reduced by the HUD Partial Claim amount of $76,310.77. The HUD Partial Claim is due on April 1, 2052, or earlier if the note being paid in full, the maturity date of the note is accelerated, or the note and deed of trust are no longer insured by the Secretary.

b. The interest rate applicable to the loan before modification is 3.75%, and the interest rate of the loan immediately after modification will be 3.875%;

c.   The term of the loan before modification has a maturity date February 1, 2018, and the maturity date after modification will be April 1, 2052;

d.   The monthly principal & interest portion of the mortgage payment before modification is $1,438.10, and the monthly principal & interest portion of the mortgage payment immediately after modification will be $1,257.23 (these amounts do not include payment for any items other than principal & interest);

e.   The monthly payment before the loan modification was $1,438.10 for Principal and Interest and $533.71 for escrow for a total payment amount of $1,971.81, and the initial monthly payment immediately after modification will be $1,257.23 for Principal and Interest and $533.71 for escrow for a total payment of $1,790.94.  The first payment under the modification is due May 1, 2022.

f.   The loan modification will result in a lower monthly mortgage payment, and Movant does not know whether Debtor anticipates increasing the monthly Plan payment;

g.   The modified loan does not include any future payment changes; and

h.   Any and all mortgage arrearages, including pre-petition and post- petition arrearages, if any, will be re-amortized under the terms of the modification, and the Trustee would therefore be relieved from making any further distributions on any arrearage claim filed by the Mortgage Lender.

11. The proposed Loan Modification Agreement is beneficial to Debtor because it capitalizes and re-amortizes all arrears to bring the loan current and provides for a more manageable monthly mortgage payment.

WHEREFORE, for the foregoing reasons, Movant respectfully requests this Honorable Court to enter an order permitting Debtor to modify the current loan with Movant in accordance with the terms as set forth herein, and for such other and further relief as the Court deems proper.

LOGS LEGAL GROUP LLP
ATTORNEYS FOR THE MOVANT

Dated: ___06/15/2022___

/s/ Mary F. Balthasar Lake
_____

BY: Malcolm B. Savage, III, Esquire
VSB #91050
William M. Savage, Esquire
VSB #26155
Mary F. Balthasar Lake, Esquire
VSB #34899
Gregory N. Britto, Esquire
VSB #23476
Randa Azzam, Esquire
VSB #31539
LOGS LEGAL GROUP LLP
10021 Balls Ford Road, Suite 200
Manassas, VA 20109
(703) 449-5800
logsecf@logs.com

LLG# 22-290283

# CERTIFICATE OF SERVICE

I hereby certify that on the ___15th_____ day of ___June_____, ___2022____ the following person(s) were served a copy of the foregoing in the manner described below:

Via CM/ECF Electronic Notice:

James E. Kane, Kane & Papa, PC                          Debtor's Attorney
1313 East Cary Street
P.O. Box 508
Richmond, VA 23218-0508

Suzanne E. Wade                                         Chapter 13 Trustee
7202 Glen Forest Drive
Suite 202
Richmond, VA 23226

Via First Class Mail, Postage Prepaid:

Hector Aldo Moya                                        Debtor(s)
13006 Dubin Drive
Spotsylvania, VA 22551

                              /s/ Mary F. Balthasar Lake
                              _____
                              Malcolm B. Savage, III, Esquire
                              VSB #91050
                              William M. Savage, Esquire
                              VSB #26155
                              Mary F. Balthasar Lake, Esquire
                              VSB #34899
                              Gregory N. Britto, Esquire
                              VSB #23476
                              Randa Azzam, Esquire
                              VSB #31539
                              LOGS LEGAL GROUP LLP
                              10021 Balls Ford Road, Suite 200
                              Manassas, Virginia 20109
                              (703) 449-5800
                              logsecf@logs.com      22-290283

# Exhibit A

# PROMISSORY NOTE

| MARCH 25, 2022 | SPOTSYLVANIA | VIRGINIA |
|---|---|---|
| [Date] | [City] | [State] |

**13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA 22551**
[Property Address]

## 1. PARTIES.

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development, his/her successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **SEVENTY-SIX THOUSAND THREE HUNDRED TEN DOLLARS AND 77 CENTS** Dollars (U.S. **$76,310.77**), to the order of Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

**(A) Time.**
On **APRIL 1, 2052**; or, if earlier, when the first of the following events occurs:

(i) The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii) The maturity date of the primary Note has been accelerated, or

(iii) The Primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

(iv) The property is not occupied by the purchaser as his or her principal residence.

**(B) Place.**
Payment shall be made at the **ISN Corporation – Western Operations Center, Attention: Secretary-Held Loan Servicing, 2000 N Classen Blvd Suite #3200, Oklahoma City, OK 73106; Toll-Free (800)-225-5342** or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due.

"Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Borrower
**HECTOR A. MOYA**

Borrower
**JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA**

This Document Prepared By:
~~JOSE  BELTRAN~~
**CARRINGTON MORTGAGE SERVICES, LLC**
**CARRINGTON DOCUMENT SERVICES**
**1600 SOUTH DOUGLASS ROAD, SUITE 200A**
**ANAHEIM, CA 92806**
**1-866-874-5860**

When Recorded Mail To:
**CARRINGTON MORTGAGE SERVICES, LLC**
**C/O LOSS MITIGATION POST CLOSING**
~~DEPARTMENT~~
**1600 SOUTH DOUGLASS ROAD, SUITE 200A**
**ANAHEIM, CA  92806**

Tax Map/GPIN #:  **8A11675**

[Space Above This Line for Recording Data]

FHA Case No.: █████████████
Loan No: █████████

# PARTIAL CLAIMS MORTGAGE

### Tax Exempt per Virginia State Code: 58.1-809 and/or 58.1-811(A)(3)

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **MARCH 25, 2022**. The mortgagor is **HECTOR A. MOYA HUSBAND, JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA WIFE** ("Borrower"), whose address is **13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA 22551**. This Security Instrument is given to the **Secretary of Housing and Urban Development, his/her successors and assigns**, whose address is **451 Seventh Street SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **SEVENTY-SIX THOUSAND THREE HUNDRED TEN DOLLARS AND 77 CENTS** Dollars (U.S. **$76,310.77**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **APRIL 1, 2052**.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in the **County** of **SPOTSYLVANIA**, State of **VIRGINIA**:

which has the address of , **13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA 22551** (herein "Property Address");

Carrington Custom HUD-HAMP (█████████)

Page 1

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Tax Parcel No. **8A11675**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of

this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6.  Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7.  Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.

**8.  Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

**9.  Borrower agrees that any costs, fees and/or expenses incurred in connection with servicing the loan that may be legally charged to the account, but have not been charged to the account as of the date the Modification Effective Date, may be charged to the account at a later date and shall be the Borrower's responsibility to pay in full.  For example, if the loan is in foreclosure there may be foreclosure fees and costs that have been incurred but not yet assessed to the account as of the date the Modification Effective Date; Borrower will remain liable for any such costs, fees and/or expenses.**

**10.  If the Borrower is currently subject to the protections of any automatic stay in bankruptcy, or have obtained a discharge in bankruptcy proceeding without reaffirming the mortgage loan debt, nothing in this Agreement or any other document executed in connection with this Agreement shall be construed as an attempt by Lender to impose personal liability under the Note and Deed of Trust/Mortgage and Promissory Note/Partial Claims Mortgage. In such case, this Agreement is entered into in the ordinary course of business between the Lender and the Borrower in lieu of pursuit of interim**

Carrington Custom HUD-HAMP 

relief to enforce the lien. This Agreement does not revive the Borrower's personal liability under the Note and Deed of Trust/Mortgage and Promissory Note/Partial Claims Mortgage, nor is it an attempt to collect, recover or offset any such debt as a personal liability of Borrower under the Note and Deed of Trust/Mortgage and Promissory Note/Partial Claims Mortgage.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

_____     5-18-2022
Borrower: **HECTOR A. MOYA**                     **Date**

*Joyce Catherine C. Moya AKA Joyce Catherine Moya*     5-18-2022
Borrower: **JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA**     **Date**

_____[Space Below This Line for Acknowledgments]_____

**BORROWER ACKNOWLEDGMENT**

State of **VIRGINIA**

County of _Spotsylvania_

The foregoing instrument was acknowledged before me this _5/18/2022_
(date) by **HECTOR A. MOYA, JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA** (name of person acknowledged)

_____
Notary Public

Printed Name: _Emanuel Fedele Taddeo_

My commission expires: _09/31/2022_

EMANUEL FEDELE TADDEO
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MAY 31, 2022
COMMISSION # 7783112

# EXHIBIT A

**BORROWER(S): HECTOR A. MOYA AND JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA , HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY WITH COMMON LAW RIGHT OF SURVIVORSHIP**

**LOAN NUMBER:** ██████████

**LEGAL DESCRIPTION:**

**The land referred to in this document is situated in the CITY OF SPOTSYLVANIA, COUNTY OF SPOTSYLVANIA, STATE OF VIRGINIA, and described as follows:**

**LOT 75, SECTION 16, LAKE WILDERNESS SUBDIVISION AS SHOWN ON PLAT BY ELLIOTT AND ASSOCIATES DATED APRIL 1971, OF RECORD IN PLAT BOOK 9, PAGE 109, REVISED IN PLAT BOOK 9, PAGE 117, IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY, VIRGINIA.**

**ALSO KNOWN AS: 13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA 22551**

Carrington Custom HUD-HAMP ██████████

Date: **MARCH 25, 2022**

Loan Number: ████████

Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT, HIS/HER SUCCESSORS AND ASSIGNS**

Borrower: **HECTOR A. MOYA, JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA**

Property Address: **13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA 22551**

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____     5-18-22
Borrower                                                          Date
**HECTOR A. MOYA**

_____     5-18-2022
Borrower                                                          Date
**JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA**

Date: **MARCH 25, 2022**
Loan Number: ███████
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT, HIS/HER SUCCESSORS AND ASSIGNS**

Borrower: **HECTOR A. MOYA, JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA**

Property Address: **13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA 22551**

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **SECRETARY OF HOUSING AND URBAN DEVELOPMENT, HIS/HER SUCCESSORS AND ASSIGNS**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

| | |
|---|---|
| **HECTOR A. MOYA** | 5-18-22 |
| | Date |
| **JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA** | 5-18-2022 |
| | Date |

This Document Prepared By:
**JOSE BELTRAN**
**CARRINGTON MORTGAGE SERVICES, LLC**
**CARRINGTON DOCUMENT SERVICES**
**ANAHEIM, CA 92806**
**1-866-874-5860**

When Recorded Mail To:
**CARRINGTON MORTGAGE SERVICES, LLC**
~~C/O LOSS MITIGATION POST CLOSING DEPARTMENT~~
**1600 SOUTH DOUGLASS ROAD, SUITE 200A**
**ANAHEIM, CA 92806**

Tax Map/GPIN #: **8A11675**

_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| Original Principal Amount: **$307,232.00** | **FHA/VA/RHS Case No:** |
| Unpaid Principal Amount: **$305,243.07** | ██████████████ |
| New Principal Amount: **$267,358.97** | **Loan No:** ███████ |
| New Money (Cap): **$0.00** | |

# LOAN MODIFICATION AGREEMENT

**Tax Exempt per Virginia State Code 58.1-803(D) or 58.1-809**
**taxes paid at instrument # 170022194**

This Loan Modification Agreement ("Agreement"), made this **25TH** day of **MARCH, 2022**, between **HECTOR A. MOYA HUSBAND, JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA WIFE** ("Borrower"), whose address is **13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA 22551** and **CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND AUTHORIZED AGENT OF BANK OF AMERICA, N.A.**
("Lender"), whose address is **1600 SOUTH DOUGLASS ROAD, SUITE 200A, ANAHEIM, CA 92806** amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated **DECEMBER 12, 2017** and recorded on **DECEMBER 13, 2017** in INSTRUMENT NO. **170022194,**

**SPOTSYLVANIA COUNTY, VIRGINIA**, and (2) the Note, in the original principal amount of U.S. $307,232.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at **13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA 22551**

the real property described is located in **SPOTSYLVANIA County, VIRGINIA** and being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **APRIL 1, 2022** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$267,358.97**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest in the amount of U.S. **$0.00** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed. **This Unpaid Principal Balance has been reduced by the HUD Partial Claim amount of $76,310.77.**

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.8750%**, from **APRIL 1, 2022**. The yearly rate of **3.8750%** will remain in effect until principal and interest are paid in full.

   Borrower promises to make the total modified monthly mortgage payment of U.S. **$1,790.94**, beginning on the **1ST** day of **MAY, 2022**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. Borrower's payment consists of payments for principal and interest of U.S. **$1,257.23**, plus payments for property taxes, hazard insurance, and any other permissible escrow items of US **$533.71**. Borrower understands that the modified monthly mortgage payment is subject to change if there is an increase or decrease in property taxes, insurance, or any other permissible escrow items. The escrow payments may be adjusted periodically in accordance with applicable law and therefore the total monthly payment may change accordingly. If on **APRIL 1, 2052** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by this Security Instrument.

   If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower.

4. The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever cancelled, null and void, as of the date specified in Paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. **If the Borrower is currently subject to the protections of any automatic stay in bankruptcy, or have obtained a discharge in bankruptcy proceeding without reaffirming the mortgage loan debt, nothing in this Agreement or any other document executed in connection with this Agreement shall be construed as an attempt by Lender to impose personal liability under the Note and Deed of Trust/Mortgage and Promissory Note/Partial Claims Mortgage. In such case, this Agreement is entered into in the ordinary course of business between the Lender and the Borrower in lieu of pursuit of in rem relief to enforce the lien. This Agreement does not revive the Borrower's personal liability under the Note and Deed of Trust/Mortgage and Promissory Note/Partial Claims Mortgage, nor is it an attempt to collect, recover or offset any such debt as a personal liability of Borrower under the Note and Deed of Trust/Mortgage and Promissory Note/Partial Claims Mortgage.**

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. Borrower agrees that any costs, fees and/or expenses incurred in connection with servicing the loan that may be legally charged to the account, but have not been charged to the account as of the Modification Effective Date, may be charged to the account at a later date and shall be the Borrower's responsibility to pay in full. For example, if the loan is in foreclosure there may be foreclosure fees and costs that have been incurred but not yet assessed to the account as of the date the Modification Effective Date; Borrower will remain liable for any such costs, fees and/or expenses.

In Witness Whereof, I have executed this Agreement.

_(signature)_ _5-19-2?_
Borrower: **HECTOR A. MOYA**                                          **Date**

_Joyce Catherine C. Moya. AKA Joyce Catherine Moya._ _5-18-2022_
Borrower: **JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA**  **Date**

_____[Space Below This Line for Acknowledgments]_____

**BORROWER ACKNOWLEDGMENT**

State of **VIRGINIA**

County of _Spotsylvania_

The foregoing instrument was acknowledged before me this _5/18/2022_
~~(date) by~~ **HECTOR A. MOYA, JOYCE CATHERINE C. MOYA AKA JOYCE
CATHERINE MOYA** (name of person acknowledged)

_____
Notary Public

Printed Name: _Emanuel Fedele Taddeo_

My commission expires: _05/31/2022_

```
EMANUEL FEDELE TADDEO
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MAY 31, 2022
COMMISSION # 7783112
```

In Witness Whereof, the Lender has executed this Agreement.

**CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND AUTHORIZED AGENT OF BANK OF AMERICA, N.A.**

By _____  (print name)        MAY 2 4 2022

Terrence Morley, Director, Loss Mitigation
Carrington Mortgage Services, LLC Attorney In Fact (title)        Date

_____ [Space Below This Line for Acknowledgments] _____

## LENDER ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _____ )
County of _____ )

On _____ before me _____Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    SEE ATTACHED

Signature_____                    (Seal)
        Signature of Notary Public

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other office completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of  California }

County of  Orange }

On  05/24/2022  before me, _____ **AARON VARGAS** _____ NOTARY PUBLIC,
<small>(Here insert name and title of the officer)</small>

personally appeared _____ **TERRENCE MORLEY** _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> AARON VARGAS
> COMMISSION # 2381019
> Notary Public - California
> COUNTY Of ORANGE
> My Comm. Exp. OCTOBER 31, 2025

Notary Public Signature  **AARON VARGAS**              (Notary Public Seal)

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date _____

### CAPACITY CLAIMED BY THE SIGNER

☐ Individual(s)
☐ Corporate Officer

_____
(Title)

☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☑ Other

## INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is/are) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

OrderID-454175

2015 Version

# EXHIBIT A

**BORROWER(S): HECTOR A. MOYA AND JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA , HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY WITH COMMON LAW RIGHT OF SURVIVORSHIP**

**LOAN NUMBER:** ██████████

**LEGAL DESCRIPTION:**

**The land referred to in this document is situated in the CITY OF SPOTSYLVANIA, COUNTY OF SPOTSYLVANIA, STATE OF VIRGINIA, and described as follows:**

**LOT 75, SECTION 16, LAKE WILDERNESS SUBDIVISION AS SHOWN ON PLAT BY ELLIOTT AND ASSOCIATES DATED APRIL 1971, OF RECORD IN PLAT BOOK 9, PAGE 109, REVISED IN PLAT BOOK 9, PAGE 117, IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY, VIRGINIA.**

**ALSO KNOWN AS: 13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA 22551**

Date: **MARCH 25, 2022**
Loan Number: ████████
Lender: **CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND AUTHORIZED AGENT OF BANK OF AMERICA, N.A.**

Borrower: **HECTOR A. MOYA, JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA**

Property Address: **13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA 22551**

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____     5-18-22
Borrower: **HECTOR A. MOYA**                     **Date**

_Joyce Catherine C. Moya  AKA Joyce Catherine Moya_     5-18-2022
Borrower: **JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA**     **Date**

Carrington Custom HUD-HAMP ████████

Date: **MARCH 25, 2022**
Loan Number: ███████

Lender: **CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND AUTHORIZED AGENT OF BANK OF AMERICA, N.A.**

Borrower: **HECTOR A. MOYA, JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA**

Property Address: **13006 DUBIN DR, SPOTSYLVANIA, VIRGINIA  22551**

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER AND AUTHORIZED AGENT OF BANK OF AMERICA, N.A.**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period .

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____

Borrower: **HECTOR A. MOYA**                                                 5-18-22
                                                                                                    **Date**

*Joyce Catherine C. Moya    AKA Joyce Catherine Moya*           5-18-2022
Borrower: **JOYCE CATHERINE C. MOYA AKA JOYCE CATHERINE MOYA**     **Date**